Takhtakhunov v. Garland
BIA
Farber, IJ
A215 747 310

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of July, two thousand twenty-one.

PRESENT:
> JOSÉ A. CABRANES,
> RAYMOND J. LOHIER, JR.,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

———————————————————————

RENAT TAKHTAKHUNOV,
> *Petitioner*,

v.                                        20-1137
                                          NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.**

———————————————————————

FOR PETITIONER:        Edgar L. Fankbonner, Esq.,
                       Goldberger & Dubin, PC, New York,
                       NY.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Merrick B. Garland is automatically substituted as Respondent.

**FOR RESPONDENT:** Bryan Boynton, Acting Assistant Attorney General; Bernard A. Joseph, Senior Litigation Counsel; Rodolfo D. Saenz, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Renat Takhtakhunov, a native and citizen of Kazakhstan, seeks review of a March 13, 2020 decision of the BIA, affirming a September 27, 2019 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Renat Takhtakhunov,* No. A 215 747 310 (B.I.A. Mar. 13, 2020), *aff'g* No. A 215 747 310 (Immig. Ct. N.Y.C. Sept. 27, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the IJ's factual findings under the substantial evidence standard, and we review questions of

2

law, including the IJ's findings concerning the legal sufficiency of the evidence, *de novo*. *See* 8 U.S.C. § 1252(b)(4)(B); *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014); *Edimo-Doualla v. Gonzales*, 464 F.3d 276, 281-83 (2d Cir. 2006).

To establish eligibility for asylum, an applicant must show that he has suffered past persecution or has a well-founded fear of future persecution, and that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see id.* § 1101(a)(42). Persecution may "includ[e] non-life-threatening violence and physical abuse." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006) (internal quotation marks and alterations omitted). The harm must be sufficiently severe, rising above "mere harassment." *Id.*; *see Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) ("We have emphasized that persecution is an extreme concept that does not include every sort of treatment our society regards as offensive." (internal quotation marks omitted)). Not every incident of physical violence

3

constitutes persecution. *See Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011) ("We have never held that a beating that occurs within the context of an arrest or detention constitutes persecution *per se*."). To constitute persecution, the harm must be inflicted either by the government or by private individuals that "the government is unable or unwilling to control." *Pan v. Holder*, 777 F.3d 540, 543 (2d Cir. 2015).

The agency did not err in finding that Takhtakhunov failed to establish past persecution on account of his Uyghur ethnicity. Takhtakhunov alleged that he was mistreated by his classmates and that he was involved in two violent altercations due to his ethnicity. However, as the agency found, these were isolated incidents outside the context of an arrest and detention and did not result in serious physical harm. *See Mei Fun Wong*, 633 F.3d at 72; *Jian Qiu Liu*, 632 F.3d at 822. Moreover, the agency reasonably concluded that Takhtakhunov failed to demonstrate that he was targeted on account of his ethnicity. Although Takhtakhunov alleged that these incidents, which occurred over the span of more than a decade, were caused by anti-Uyghur sentiments, he also

4

testified that a classmate assaulted him for a reason that was unrelated to his ethnicity, while the most recent altercation began over a parking dispute. *See Siewe v. Gonzales*, 480 F.3d 160, 167–68 (2d Cir. 2007) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous" (internal quotation marks omitted)).

Absent past persecution, Takhtakhunov had the burden to show an objectively reasonable fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(2); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). An applicant can show either that he would be "singled out individually for persecution" or that the country of removal has a "pattern or practice" of persecuting those similarly situated to him. 8 C.F.R. § 1208.13(b)(2)(iii). Takhtakhunov did not argue that he would be singled out, and he did not exhaust a pattern or practice claim based on country conditions on appeal to the BIA. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122–23 (2d Cir. 2007) (explaining that review is generally limited to issues raised before, and addressed by, the agency). In his brief, Takhtakhunov does not argue that he

had an objectively reasonable fear of future persecution based on his former employment. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (noting that petitioner abandons issues and claims not raised in his brief). Finally, we do not reach Takhtakhunov's CAT claim because he did not raise that category of relief before the BIA. *See Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court